Taylor v. The Mayor, &c. of the City of New York.

DOUGLAS TAYLOR *against* THE MAYOR, &C., OF THE CITY OF
NEW YORK.

The act of 1870 (L. 1870, c. 539, § 17), fixing the salary of the commissioner of
jurors of the county of New York, " at the same rate as the salary paid to the
city judge," limits the salary of such commissioner to the rate of salary paid
to the city judge at the time of the passage of the act, and it is not increased
by a subsequent increase in the salary of the city judge.

APPEAL by plaintiff from a judgment of this court entered
on an order made at special term, overruling plaintiff's demurrer
to the first defense set forth in the defendant's answer.

The complaint alleged, in substance, that the plaintiff be-
tween July 1st, 1871, and April 1st, 1874, was commissioner
of jurors of the county of New York, and entitled to a salary
of $15,000 per annum, and that there was a balance due him
of $21,500, on account of such salary.

The answer, for a first defense, alleged that by L. 1870,
c. 539, § 17 (passed May 2d, 1870), the salary of the plaintiff
was fixed at the same rate as the salary paid to the city judge,
and that the salary then paid to the city judge was $10,000
per annum; that on June 24th, 1873, the board of-estimate and
apportionment, being thereunto authorized by L. 1873, c. 335,
§ 97, adopted a resolution, whereby the salary of the plaintiff
was fixed at the sum of $5,000 per annum, from and after
July 1st, 1873. That the salary of the plaintiff at those rates
had been paid to him.

To this portion of the answer the plaintiff demurred.

The court at special term overruled the demurrer, and
from the judgment entered on this order, the plaintiff appealed.

*A. Oakey Hall*, for appellant, argued that by L. 1870, c. 539,
§ 17, providing that " the salary of the commissioner of jurors
shall be at the same rate as the salary paid to the city judge,"
the plaintiff was entitled to the same salary as should be paid
to the city judge from time to time, and was not restricted to
the amount of the salary of the city judge, at the time of the
passage of the act of 1870. That if the statute is ambiguous,

the construction most favorable to the officer should be given (*United States* v. *Morse*, 3 Story, 91; Dwarris on Statutes, ed. 1873, 213). The salary of the city judge under L. 1872, p. 908, c. 367, § 3, is $15,000 per annum.

*E. Delafield Smith*, for respondent.

J. F. DALY, J.—This appeal presents the question whether the plaintiff, as commissioner of jurors of the county of New York, is entitled to an annual salary equal to that paid to the city judge of New York at the time of the passage of the act of 1870 (L. 1870, c. 539, § 17), which was $10,000, or to an annual salary equal to the subsequently increased salary paid to the city judge, and fixed after the passage of that act, which increased salary is $15,000.

The act above referred to provides (section 17) that "the salary of the commissioner of jurors shall be at the same rate as the salary paid to the city judge of the said city, and the same shall be paid quarterly by the comptroller of the said city."

When that act was passed the city judge received $10,000 per annum, pursuant to a resolution of the board of supervisors of the county of New York, approved December 28, 1869, whereby the salary of the city judge was "made equal to the salary of the judges of the Superior and Common Pleas Courts," who then received $10,000 per annum. The salaries of the last named judges were increased, by the resolution of the board of supervisors, in 1870, after the passage of the act above referred to (L. 1870, c. 539), and the city judge was paid at the increased rate; that resolution was confirmed by the Legislature in 1871 (c. 573), and the payments to the city judge were confirmed by the Legislature in 1872 (L. 1872, c. 367).

After the act of 1870, there was no legislation affecting the salary of the commissioner of jurors, and there was no resolution of the supervisors referring to such salary. His right to more than $10,000 per annum depends upon whether the subsequent resolution of the board of supervisors of 1870, increasing the salaries of the judges of the Superior and Common

Pleas Courts, had the effect of increasing the salary of the city judge; and if it did, whether the increase of the latter effected an increase of the salary of the commissioner of jurors.

Assuming that the salary of the city judge was thus increased after the act of 1870, and legally fixed at more than $10,000 per annum, I am of opinion that such increase did not affect the salary of the plaintiff; in other words, that the compensation of the commissioner of jurors was not intended by the Legislature to be dependent upon that of the city judge. If it were so intended, there should be some reason for it in a connection or resemblance between the duties of the two officers, or upon some ground apparent upon close examination. Where there is a common duty for two officers, as in the case of members of the same board, officer and deputy, and the like, a provision that the members of the board should receive the same pay as the president of the board, or that the deputy should receive the same salary as the officer, there would be little doubt that equality of compensation was intended, whether the compensation was thereafter increased or diminished; but where no reason appears for fixing as a standard for one officer's salary, the salary received by another, except the disinclination of the law-makers (often apparent in the legislation of the past few years) to name the exact sum in the act; where one officer is judge of a court, and the other is head of a county bureau or department; where the duties of one are judicial, and of the other ministerial; where the connection between the office of commissioner of jurors and the city judge is the same as the former's connection with every other judge and court of record in the county; no ground exists for saying that equality of compensation was the object of the act in question.

To hold, moreover, as the plaintiff urges, would be unjust to him, were the salary of the city judge to be diminished for reasons which could not make a reduction of the plaintiff's salary proper; or were he to be subject to all the consequences of legislation affecting the city judge's office.

Suppose the office of city judge were abolished, would the salary of the commissioner of jurors cease? The office of city

judge might be abolished without affecting the office of commissioner of jurors, or diminishing his duties. Upon what reasons would then rest the argument that the commissioner of jurors should receive no salary whatever? And what ground is there now for urging that the increasing or diminishing of one salary is to affect the other?

Without the express declaration of the Legislature, I do not feel justified in holding that if the compensation of the city judge were to be reduced, or if he were deprived of all compensation, or if his office were abolished, the commissioner of jurors' salary would be likewise reduced or entirely taken away, because there is no possible reason for such a conclusion; and so I cannot assent to the converse of such a proposition, and hold that every increase of the salary of the city judge, made at the pleasure of the board of supervisors, effects a corresponding increase in the salary of the commissioner of jurors. The language of the act of 1870, above referred to, is not such an express declaration. To make it so, the enactment should have provided for the payment to the commissioner of jurors at the same rate as the salary paid "from time to time" to the city judge, or the salary "as fixed from time to time," and paid to the city judge. The language of the act as it stands, that the salary "shall be at the same rate as the salary paid to the city judge," clearly indicates that the salary of the commissioner of jurors should thereafter be at the same rate as the salary paid (*at the time of the passage of the act*) to the city judge.

The judgment should be affirmed.

DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.